UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICKY LEE BROYLES,

        Plaintiff,                                    Case No. 1:07-CV-690

v.                                                      Hon. Robert J. Jonker

CORRECTIONAL MEDICAL
SERVICES, INC., et al.,

        Defendants.
_____/

**ORDER**

The Court has reviewed the Magistrate Judge's Report and Recommendation (docket # 34) filed on January 11, 2008.[1] Plaintiff filed his Objection to the Report and Recommendation (docket # 37) on January 29, 2008.

Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it

---

[1] On that same day Plaintiff moved to strike both Defendant CMS's reply to Plaintiff's response to the motion to dismiss (docket # 21) and Defendants' reply to Plaintiff's response to the motion for change of venue (docket # 20) because he claims he did not receive a copy of either (docket # 35). The record contains a proof of service reciting service by mail on persons like Plaintiff who do not participate in the Court's electronic filing system (docket ## 20, 21). In any event Plaintiff's motion to strike does not affect this Order because Defendants' replies do not serve as the basis for this Court's decision. Accordingly, Plaintiff's motion (docket # 35) is dismissed as moot.

justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to Magistrate Judge Brenneman; the Report and Recommendation itself; Plaintiff's objection; Defendant CMS's response to the objection; and Plaintiff's reply to CMS's response. After its review, the Court finds Magistrate Judge Brenneman's Report and Recommendation to be both factually sound and legally correct.

The Report and Recommendation recommends that Defendant CMS's motion to dismiss (docket # 12) be granted, that Defendant Perog's motion for summary judgment (docket # 15) be granted, and that Plaintiff's proposed amended complaint (docket # 28) be stricken. Plaintiff makes three objections. Plaintiff first argues that the Court should not dismiss his claims against CMS because CMS is liable for having a policy of failing to properly discipline its staff. Plaintiff next argues that the Court should not grant Defendant Perog's motion for summary judgment because Defendant Perog's failure to schedule

Plaintiff for a call-out to see an eye doctor violated his Eighth Amendment rights.  Lastly Plaintiff argues that Rule 15 of the Federal Rules of Civil Procedure entitles him, without leave of court, to amend his complaint to add new defendants.

### *CMS's Motion to Dismiss*

CMS is not vicariously liable for the actions of its staff.  *See Street v. Corr. Corp. of America*, 102 F.3d 810, 818 (6th Cir. 1996) ("A defendant cannot be held liable under section 1983 on a respondeat superior or vicarious liability basis." (citing *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658 (1978))).  Thus the only way CMS could be liable is if it had a "policy, practice or custom that resulted in the injury." *Moreno v. Metro. Gen. Hosp.*, No. 99-5205, 2000 WL 353537, at *2 (6th Cir. Mar. 28, 2000) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978)).

Plaintiff does not allege any facts suggesting that CMS had a policy, practice, or custom that resulted in his injury.  Beyond Plaintiff's allegation that various CMS staff members were not disciplined for their failure to refer him to a medical service provider, there are no facts indicating a lack of training or regular failure to properly discipline staff members.  There are no facts indicating that CMS staff members routinely or customarily failed to refer prisoners to medical service providers and were not disciplined for their failures.  And there are no facts suggesting that Plaintiff would not have been injured but for CMS's policy, practice, or custom.  There is no indication that the lack of training or discipline resulted in Plaintiff's injury.  As explained in the Report and Recommendation,

3

the only evidence is that Plaintiff received medical treatment and was scheduled for the first available appointment with an optometrist: nurses examined Plaintiff and told Defendant Perog to schedule an appointment for Plaintiff with an optometrist, Defendant Perog scheduled Plaintiff for the first available eye clinic, an optometrist examined him, two ophthalmologists met with him, he had surgery, and he received post-operative care.

### *Perog's Motion for Summary Judgment*

Cruel and unusual punishment is just that—it is punishment that would offend prevailing standards of decency such that it is properly characterized as cruel and unusual. Mere negligence is not cruel and unusual punishment.

> To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety. . . . It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause, whether that conduct occurs in connection with establishing conditions of confinement, supplying medical needs, or restoring official control over a tumultuous cellblock.

*Whitley v. Albers*, 475 U.S. 312, 319 (1986). To establish deliberate indifference that constitutes cruel and unusual punishment proscribed by the Eighth Amendment, a plaintiff must prove that (1) the defendant subjectively perceived facts from which the defendant could infer that plaintiff was at a substantial risk if plaintiff did not receive medical care; (2) the defendant did in fact draw that inference; and (3) the defendant then disregarded the risk to plaintiff. *Comstock v. McCrary*, 273 F.3d 693, 702-06 (6th Cir. 2001).

There is at most evidence of negligence in this case. There is evidence that Plaintiff had a severe medical need that was not immediately treated, but there is no evidence that Defendant Perog drew the inference that there was an excessive risk to Plaintiff's health, and there is no evidence that she acted to deny Plaintiff treatment in spite of that knowledge. There is no evidence, for example, that Defendant Perog knew the extent of Plaintiff's condition. In fact, the evidence suggests that the only thing Defendant Perog knew about Plaintiff's condition was that Plaintiff was complaining about his vision getting worse and nursing staff had characterized his condition as "non-emergent." Moreover, there is no evidence that Defendant Perog refused to schedule Plaintiff's appointments as directed by medical staff or otherwise acted in disregard of a risk to Plaintiff's health. The only evidence in the record is that Defendant Perog, without subjective knowledge of an excessive risk to Plaintiff's medical health, did what medical staff asked her to do and scheduled Plaintiff for the first available eye clinic. (Perog's Aff. ¶¶ 4, 6–7.) Given that uncontradicted evidence, it cannot be said that Defendant Perog's actions were "repugnant to the conscience of mankind." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

### *Plaintiff's Amended Complaint*

If a proposed amendment would add or drop a party then the amendment may not be made without leave of court. FED. R. CIV. P. 21. This is true regardless of whether the proposed amendment precedes or follows the first responsive pleading of any defendant. *Moore v. State of Ind.*, 999 F.2d 1125, 1128 (7th Cir. 1993).

Plaintiff has not moved for leave to amend, but even if he had leave would be denied. He has not shown that his proposed amended complaint would have merit. A district court may deny a motion to amend if the proposed amendment is futile because it fails to allege facts that would support a valid theory of liability. *Kottmyer v. Maas*, 436 F.3d 684, 692 (6th Cir. 2006). As explained in the Report and Recommendation, even if Plaintiff's allegations regarding the proposed defendants were true, those allegations establish negligence at most and do not give rise to an Eighth Amendment claim. The proposed amendment, even if properly brought, would be futile.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge, filed January 11, 2008, is approved and adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that:

1. Defendant CMS's motion to dismiss (docket # 12) is GRANTED;

2. Defendant Perog's motion for summary judgment (docket # 15) is GRANTED;

3. Plaintiff's proposed amended complaint (docket # 28) is STRICKEN; and

4. Plaintiff's motion to strike (docket # 35) is DENIED as moot.


Dated:   April 14, 2008                   /s/ Robert J. Jonker
                                          ROBERT J. JONKER
                                          UNITED STATES DISTRICT JUDGE