UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


RICKEY LEE BROYLES,

        Plaintiff,

                                          CASE NO. 1:07-CV-690

v.

                                          HON. ROBERT J. JONKER

CORRECTIONAL MEDICAL SERVICES,
INC., *et al.* ,

        Defendants.

_____/

## ORDER APPROVING REPORT AND RECOMMENDATION

      The Court has reviewed Magistrate Judge Brenneman's Report and Recommendation in this

matter (docket # 56) and Plaintiff Broyles's Objections to the Report and Recommendation (docket

# 60). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions

of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's

recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT,

MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997).

Specifically, the Rules provide that:

> The district judge to whom the case is assigned shall make a de novo
> determination upon the record, or after additional evidence, of any
> portion of the magistrate judge's disposition to which specific written
> objection has been made in accordance with this rule. The district
> judge may accept, reject, or modify the recommended decision,
> receive further evidence, or recommit the matter to the magistrate
> judge with instructions.

FED R. CIV. P. 72(b). De novo review in these circumstances requires at least a review of the

evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Plaintiff's objections. After its review, the Court finds that Magistrate Judge Brenneman's Report and Recommendation is factually sound and legally correct.

The Magistrate Judge recommends dismissal of Plaintiff's Amended Complaint (docket # 28) following the review required under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"). The PLRA requires the Court to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c). The Court must read Plaintiff's pro se complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

The Report and Recommendation accurately summarizes the allegations Plaintiff has set forth, (*see* Report and Recommendation, docket # 56, 4-5) and concludes that Plaintiff has failed to state a claim upon which relief can be granted. Plaintiff's objections reiterate his allegations and broadly disagree with the Magistrate Judge's conclusions. However, Plaintiff's objections do not change the legal analysis. Accepting all of Plaintiff's allegations as true, Plaintiff states at most a claim for negligence or medical malpractice, not constitutional deliberate indifference, in this case. That is insufficient to state a claim under the Eighth Amendment. "[A] plaintiff alleging deliberate indifference must show more than negligence." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001). "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976). Indeed, Plaintiff's allegations against the new Defendants are no different in substance than the original allegations against the

originally named Defendants. The Sixth Circuit has already affirmed dismissal of the claims against the original Defendants. Because Plaintiff's allegations do not state a claim upon which relief can be granted, the Court must dismiss the action. 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c).

The Court concludes that the Report and Recommendation reflects a careful review of the record and proper application of the law and that dismissal for failure to state a claim is appropriate under the PLRA. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c). For the same reasons that the Court dismisses the action, the Court discerns no good faith basis for appeal under 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997) (abrogated on other grounds). Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee under § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum. This is a dismissal under 28 U.S.C. § 1915(g).

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (docket # 56) is approved and adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Amended Complaint (docket # 28) is **DISMISSED** in its entirety. This moots Plaintiff's Motion to Compel Service of Process (docket # 57).

Dated:     March 16, 2010          /s/ Robert J. Jonker
                                   ROBERT J. JONKER
                                   UNITED STATES DISTRICT JUDGE